### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SHAMAR JACKSON, ) | |
| on behalf of himself and a class, ) | |
| ) | |
| Plaintiff, ) | 10-cv-5237 |
| ) | |
| v. ) | Judge Der-Yeghiayan |
| ) | Magistrate Judge Brown |
| CHASE BANK, N.A. and DOES 1-5 ) | |
| ) | |
| Defendants. ) | |

### PARTIES' JURISDICTIONAL AND INITIAL STATUS REPORT[1]

**Attorneys of record for Plaintiff**:

Daniel A. Edelman (lead trial attorney)
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**Attorneys of record for Defendant**:

Mark Bruce Blocker (lead trial attorney)
Ariella L. Omholt
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, Illinois 60603
(312) 853-7000
(312) 853-7036 (FAX)

**A.**     **Bases for federal jurisdiction**

      **1)**     **Subject matter jurisdiction**

Because plaintiff has alleged that defendant violated the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1693m(g) (EFTA).

---

[1] Because subject matter jurisdiction is based on a federal question, the parties have incorporated their joint jurisdictional status report into their joint initial status report.

2) **Venue (Plaintiff's Position)**

Venue is appropriate in the Northern District of Illinois, as JPMorgan Chase Bank, N.A. ("Chase") – which is the correct name of the defendant – is a federally chartered bank that does business in Illinois. Also, venue in the Northern District of Illinois is proper because the alleged violation took place at an Automated Teller Machine ("ATM") located in this District at 251 E. Huron, Chicago, Illinois, 60611. (See the attached affidavit).

**B.   Initial status of the case**

1) **Nature of Claims and counterclaims**

On August 19, 2010, Plaintiff Shamar Jackson ("Jackson") filed a class action lawsuit against Defendant Chase. On August 23, Plaintiff filed a motion for class certification. Chase intends to oppose class certification.

In his complaint, Plaintiff alleges that Defendant violated the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205, by failing to post a notice at or near its ATM at 251 E. Huron, Chicago, Illinois, 60611, that informed the public that they would be required to pay a fee each time they used the ATM unless they used a Chase debit or ATM card. Plaintiff alleges that, on July 31, 2010, he was charged a $2.00 fee during a transaction at the ATM, and alleges that the imposition of the fee is unlawful.

In his complaint, Plaintiff defines the following class: (a) all persons who used the ATM operated by Chase Bank, N.A. at 251 E. Huron, Chicago, Illinois, 60611, (b) and were charged a fee (c) during a period beginning on August 19, 2009 and ending on September 8, 2010.

Defendant filed an answer to Plaintiff's complaint on October 8, 2010, in which it has denied that it violated the EFTA and has asserted the following defenses:

1. The claims asserted in the Complaint fail to set forth facts or allegations upon which relief can be granted;

2. Plaintiff's claim is barred by 15 U.S.C. § 1693h(d) because (a) notice was posted on the ATM at issue, and (b) to the extent the notice was not present on the date of the transaction, the notice was removed by a person other than Chase;

3. Plaintiff's claim for statutory damages should be barred or reduced by application of the factors set forth in 15 U.S.C. § 1693m(b);

4. Plaintiff's claim is barred by 15 U.S.C. § 1693m(c) because Chase's

2

       alleged violation, if any, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error;

5. Plaintiff's claim is barred by 15 U.S.C. § 1693m(d) because all actions taken by Chase were done in good faith in conformity with a rule, regulation, or interpretation propounded by the Federal Reserve Board;

6. Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver, ratification, consent and/or estoppel because the subject ATM provided an EFTA-compliant onscreen notice to all customers who are subject to an ATM withdrawal fee, stating that the customer will be charged a fee if they affirmatively choose to continue with the transaction;

7. Plaintiff's claims are barred in whole or in part because, under applicable law and the due process protections of the U.S. Constitution, the amount of any claimed statutory damages in any putative class action may not exceed the amount of actual damages proven with respect to each class member;

8. Plaintiff's claim is barred because, on information and belief, Plaintiff failed to, as is required by 15 U.S.C. § 1693f, provide notice to Chase prior to filing suit;

9. Plaintiff cannot establish the requirements of the Federal Rule of Civil Procedure 23 because this action cannot properly be maintained as a class action.

Plaintiff disputes the validity of these defenses.

**2) Relief sought**

Plaintiff seeks the following relief, as outlined in his complaint:

    (a)    Statutory damages;
    (b)    Attorney's fees, litigation expenses and costs of suit;
    (c)    Such other or further relief as is appropriate.

Defendant seeks attorneys' fees and costs for defending the lawsuit.

**3) Names of parties not served**

All parties in this matter have been served.

**4) Principal legal issues**

a. Whether Chase violated the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

b. Whether Plaintiff's claim is barred by any of the defenses presented by Chase.

**5) Principal factual issues**

a. Whether there was an appropriate fee notice posted "on or at" Defendant's ATM at 251 E. Huron, Chicago, Illinois, 60611, on July 31, 2010.

b. Whether Chase had posted a fee disclosure on or at the ATM at 251 E. Huron, Chicago, Illinois, 60611 prior to July 31, 2010.

c. Whether any fee disclosure posted on or at the ATM at 251 E. Huron, Chicago, Illinois, 60611 prior to July 31, 2010, was removed by Chase or by someone other than Chase.

**6) List of pending motions and brief summary of bases for motions**

Plaintiff has filed a motion seeking class certification. Plaintiff believes that this matter satisfies the numerosity requirements of Fed. R. Civ. P. 23, as even using a conservative estimate of only one transaction per day at the ATM in which a customer was charged a fee, there would be 385 class members falling within the proposed class definition. Plaintiff asserts that this matter satisfies the other requirements of Rule 23 as well. Chase intends to oppose class certification.

**7) Description of discovery requested and exchanged**

No discovery has been requested or exchanged yet.

**8) Type of discovery needed**

Each party intends to propound written discovery. Also, Plaintiff may also seek to depose relevant agents and employees of Defendant, and Defendant may seek to depose Plaintiff and others who may have knowledge of Plaintiff's transaction at the ATM at issue.

**9) Proposed dates for: Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order**

Parties will exchange Rule 26(a)(1) disclosures by November 19, 2010.

Fact discovery and expert discovery will be completed by August 19, 2011.

The filing of reports from retained experts will be due:
    from Plaintiff by June 20, 2011.
    from Defendant by July 20, 2011.
    reports from Plaintiff's rebuttal experts are to be filed by August 3, 2011.

Dispositive motions are due to be filed by October 20, 2011.

The final pretrial order will be due 90 days after the Court's ruling on any dispositive motions.

**10) Estimation of when the case will be ready for trial**

Parties expect that the case will be ready for trial on April 2, 2012.

**11) Probable length of trial**

Parties expect that a trial will take no more than three days to complete.

**12) Whether a request has been made for a jury trial**

Plaintiff has not requested a trial by jury.

**13) Whether there have been settlement discussions and if so the outcome of those discussions**

There have been no settlement discussions between the parties to date.

**14) Whether the parties consent to proceed before a Magistrate Judge**

Parties do not consent to proceed before the Magistrate Judge.

Date: October 13, 2010

| | |
|---|---|
| s/Tiffany N. Hardy | s/Ariella L. Omholt |
| Tiffany N. Hardy | Ariella L. Omholt |
| Counsel for Plaintiff | Counsel for Defendant |

Daniel A. Edelman (lead trial attorney)     Mark Bruce Blocker
Cathleen M. Combs     Ariella L. Omholt
James O. Latturner     SIDLEY AUSTIN LLP
Tiffany N. Hardy     1 South Dearborn
EDELMAN, COMBS, LATTURNER     Chicago, Illinois 60603
      & GOODWIN, LLC     (312) 853-7000
120 S. LaSalle Street, 18th Floor     (312) 853-7036 (FAX)
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

        I, Tiffany N. Hardy, hereby certify that on October 13, 2010, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

Mark Bruce Blocker
mblocker@sidley.com

Ariella L. Omholt
aomholt@sidley.com

                                                                        s/Tiffany N. Hardy
                                                                         Tiffany N. Hardy